UNITED STATES of America,
ex rel. Melan DAVIS and
Brad Davis, Relators,

v.

U.S. TRAINING CENTER,
INC., Defendant.

Civil No. 1:08cv1244.

United States District Court,
E.D. Virginia,
Alexandria Division.

Dec. 8, 2011.

Susan L. Burke, Burke PLLC, Washington, DC, for Relators.

Richard L. Beizer, Andrew David Kaplan, David William O'Brien, Crowell & Moring LLP, Washington, DC, for Defendant.

## *ORDER*

T.S. ELLIS, III, District Judge.

This protracted False Claims Act (the "Act")[1] matter culminated in a nine-day jury trial in July and August 2011, resulting in a verdict in favor of defendant on all remaining claims. Defendant now seeks reimbursement for more than $320,000.00 in

---

1. 31 U.S.C. § 3729 *et seq.*

costs pursuant to Rule 54(d), Fed.R.Civ.P. Relators have objected to defendant's requested costs and the matter is ripe for disposition. Oral argument is dispensed with as the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.

## I.

This litigation traveled a lengthy and somewhat tortuous path from its initiation to its resolution. A comprehensive statement of the facts and proceedings is unnecessary to resolve the question of allowable costs presented here.[2] It is nonetheless worth noting that the case originally included a number of claims under the Act, but only some of those claims survived the pretrial and summary judgment proceedings and ultimately proceeded to trial. And, as noted, relators were not successful at trial with respect to the remaining claims. It remains now to resolve the allowable costs to defendant as the prevailing party.

## II.

■ Rule 54(d) provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d), Fed.R.Civ.P. In this regard, only those costs set forth in 28 U.S.C. § 1920 are recoverable. Such costs include the following: (i) fees of the clerk and marshal; (ii) fees for printed or electronically recorded transcripts "necessarily obtained for use in the case;" (iii) fees and disbursements for printing and witnesses; (iv) fees for exemplification and the costs of making copies of any materials where the copies are "necessarily obtained for use in the case;" (v) docket fees under 28 U.S.C. § 1923; and (vi) compensation of court appointed experts and interpreters, and salaries, fees, expenses and costs of special interpretation services under 28 U.S.C. § 1828. 28 U.S.C. § 1920. In all cases, the award of costs to the prevailing party is within the sound discretion of the trial judge. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987).

Here, in its Amended Bill of Costs, defendant requests costs in the total amount of $320,025.82, consisting of the following five categories of expenses: (i) $2,346.50 in summons and subpoena service fees, (ii) $13,132.13 in fees for printed or electronically recorded transcripts, (iii) $17,492.33 in witness fees, (iv) $216,438.80 in exemplification fees and copying costs, and (v) $70,616.06 in deposition costs. Relators raise numerous objections to defendant's requested costs and each of the five categories is therefore addressed separately below.

### A. Service costs

■ Defendant first requests $2,346.50 in costs associated with the service of summonses and subpoenas in this case. A review of the supporting invoices reveals that all of the requested costs in this category are for private process servers, including Capitol Process Services, Inc. and Same Day Process Service, Inc. Because it is the general policy in this district to allow reimbursement for service costs only when service is performed by the United States Marshal's Service, rather than by private process servers, defendant's request for reimbursement of $2,346.50 in service ex-

---

**2.** For a more complete summary of the facts and procedural history of the case, see *U.S. ex rel. Davis v. Prince,* 2011 WL 2749188 (E.D.Va. July 13, 2011) and *U.S. ex rel. Davis v. Prince,* 753 F.Supp.2d 569 (E.D.Va.2011).

penses is denied in its entirety. *See* Taxation of Costs Guidelines at 2, published at *http://www.vaed.uscourts.gov/formsandfees/documents/TaxationofCosts Guidelines1–28–11.pdf* (hereinafter E.D. Va. Guidelines) (providing that private process server fees are not taxable).[3]

### B. *Transcript costs*

■■■ Defendant next requests $13,132.13 in "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. Relators object to defendant's request for transcript costs, arguing essentially that "[d]efendant obtained multiple copies of court transcripts and did not submit them back to the Court or provide them to Relators." Pl. Br. (Doc. 649) at 8. Contrary to relators' argument, a prevailing party is not required to submit its requested transcripts "back to the Court or provide them to Relators" in order to be entitled to costs under 28 U.S.C. § 1920. Rather, all the statute requires is that each particular transcript for which the prevailing party seeks reimbursement be "necessarily obtained for use in the case,"

and a review of the record reveals that each of the transcripts for which defendant seeks reimbursement in this instance meets the statutory standard. 28 U.S.C. § 1920. Relators are nonetheless correct in arguing that defendant should only be reimbursed for the cost of each *original* transcript, and not any additional copies obtained merely for the convenience of counsel. *See* E.D. Va. Guidelines at 2 (providing that the costs of transcript copies generally are not taxable). Moreover, with the exception of the transcripts of the jury trial itself—for which daily transcripts were reasonable and appropriate[4] —as well as several motions hearings that occurred in the days immediately prior to trial, defendant will be awarded only the standard rate applicable to an ordinary, non-expedited transcript, which is $3.65 per page. *See id.* (providing that "[c]ourt transcripts are taxed at the standard rate unless there is an advance determination by the court or an agreement of the parties to tax at a higher rate"). Accordingly, defendant is awarded a total of $8,889.38 in transcript costs, as detailed below:

| Date | Transcript Description, Pages Billed (Court Reporter) | Requested Costs | Allowed Page Rate | Allowed Costs |
|---|---|---|---|---|
| 8/20/2010 | 8/13/2010 hearing, 14 pages (Linnell) | $ 67.90 | $3.65 (Standard) | $ 51.10 |
| 9/1/2010 | 8/27/2010 hearing, 59 pages (Rudiger, Green & Kerns) | $ 451.00 | $3.65 (Standard) | $ 215.32 |
| 9/16/2010 | 9/24/2010 hearing, 36 pages (Linnell) | $ 217.80 | $3.65 (Standard) | $ 131.40 |
| 12/1/2010 | 11/19/2010 hearing, 21 pages (Linnell) | $ 127.05 | $3.65 (Standard) | $ 76.65 |
| 2/26/2011 | 2/18/2011 hearing, 19 pages (Linnell) | $ 104.50 | $3.65 (Standard) | $ 69.35 |

**3.** This policy is supported by the plain language of the statute, which does not specifically mention or address service fees, but provides that "[f]ees of the clerk and marshal" are taxable costs. 28 U.S.C. § 1920.

**4.** The Court Reporter has advised, *inter alia*, (i) that the parties jointly requested daily transcription of the jury trial proceedings in this matter, (ii) that the parties agreed to split the cost of the original daily trial transcript equally, and (iii) that relators paid the Court Reporter for its equal share of the original daily trial transcript.

| | | | | |
|---|---|---|---|---|
| 3/24/2011 | 3/18/2011 hearing, 22 pages (Linnell) | $ 133.10 | $3.65 (Standard) | $ 80.30 |
| 4/2/2011 | 3/25/2011 hearing, 20 pages, (Linnell) (COPY ONLY) | $ 24.00 | $1.20 (Copy) | $ 24.00 |
| 4/6/2011 | 4/1/2011 hearing, 52 pages (Linnell) | $ 314.60 | $3.65 (Standard) | $ 189.80 |
| 4/25/2011 | 4/15/2011 hearing, 16 pages (Linnell) | $ 96.80 | $3.65 (Standard) | $ 58.40 |
| 5/18/2011 | 4/15/2011 hearing, 22 pages (Rodriquez) | $ 205.70 | $3.65 (Standard) | $ 80.30 |
| 6/15/2011 | 6/21/2011 hearing, 27 pages (Linnell) | $ 163.35 | $3.65 (Standard) | $ 98.55 |
| 6/17/2011 | 5/31/2011 hearing, 12 pages (Westfall) | $ 58.20 | $3.65 (Standard) | $ 43.80 |
| 7/18/2011 | 7/8/2011 hearing, 15 pages (Thomson) | $ 108.75 | $3.65 (Standard) | $ 54.75 |
| 7/20/2011 | 7/15/2011 hearing, 83 pages (Rudiger & Green) | $ 626.00 | $4.85 (Expedited) | $ 402.55 |
| 7/21/2011 | 7/21/2011 hearing, 166 pages (Rodriquez) | $ 1,552.10 | $6.05 (Daily) | $1,004.30 |
| 8/11/2011 | 10/29/2010 hearing, 26 pages (Rodriquez) | $ 126.10 | $3.65 (Standard) | $ 94.90 |
| 8/11/2011 | 5/20/2011 hearing, 117 pages (Rodriquez) | $ 672.75 | $3.65 (Standard) | $ 427.05 |
| 8/9/2011 | Daily trial transcripts ($7,500.00 deposit paid on 5/24/11, remaining $582.43 paid on 8/9/11), 1913 pages (Rodriquez) | $ 8,082.43 | $6.05 (Daily) (split equally between the parties, per their joint agreement with the court reporter) | $5,786.83 |
| **Total** | | **$13,132.13** | | **$8,889.38** |

## C. *Witness fees*

█ Defendant next requests $17,492.33 in witness fees and applicable travel and lodging expenses. As to this category, relators oppose the taxation of costs for all fees and expenses requested for witnesses who did not testify at trial. In response, defendant correctly notes that fees for any "necessary" witnesses are taxable even though some of those witnesses may not ultimately have testified at trial. *See* E.D.Va. Guidelines at 3 (providing that "[n]ecessary trial witnesses' fees are taxed even though they did not testify."). Given this standard and a review of the record in this case, relators' objection on this ground is appropriately overruled. All of the witnesses for which defendant requests fees and expenses—including those whose testimony was ultimately deemed unnecessary during the course of the trial—appeared on the parties' respective witness lists and relators did not object to any of these proposed witnesses prior to trial. Moreover, relators have not presented any persuasive argument that would support a basis for contradicting counsel's judgment that each witness might be needed to testify on defendant's behalf at trial. Instead, relators object only on the ground that

certain witnesses, in the end, were not called to testify. As already noted, this is not the appropriate standard to be applied in the cost analysis and each witness for which defendant seeks to recover fees and expenses is deemed to have been reasonably "necessary" for defendant's adequate trial preparation, despite the fact that some of those witnesses were not called to testify at trial.

In addition to this general objection, relators also challenge specific costs associated with certain witnesses. For example, relators object to the one-way air fare charged for one testifying witness, Ashley Maxwell, arguing that a one-way ticket "is often more expensive than a round-trip ticket." Pl. Br. at 5 n.1. Because relators' objection in this regard is purely speculative, the entire amount of Maxwell's documented international airfare—from Tel Aviv Israel to Washington, D.C.—will be awarded.[5] *See* 28 U.S.C. § 1821(c)(1) (providing that "[a] witness who travels by common carrier shall be paid for the *actual* expenses of travel on the basis of the means of transportation reasonably utilized") (emphasis added).

Relators next object to the fact that many of defendant's trial witnesses stayed at the Westin Alexandria—located directly across the street from the courthouse—when other less expensive alternatives were available in the area. This argument is not without force. Section 28 U.S.C. § 1821(d)(1) provides that "[a] subsistence shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." Section 1821(d)(2) goes on to provide that "[a] subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed ... for official travel in the area of attendance by employees of the Federal Government." 28 U.S.C. § 1821(d)(2). At the time of the instant trial—July/August 2011—the maximum per diem rate prescribed by the General Services Administration for Alexandria, Virginia was $157.00 for lodging, plus $71.00 for meals and incidentals. In the circumstances, and to strike an appropriate balance of fairness in this case, defendant's requested lodging expenses for trial witnesses will be reduced to correspond to the maximum per diem rates applicable to lodging and subsistence in Alexandria during the relevant time frame. Moreover, because they are deemed unnecessary and merely a matter of convenience, the additional witness expenses requested for internet, telephone and valet parking services are disallowed in their entirety. Accordingly, defendant is awarded a total of $11,956.87 in witness fees and costs, as detailed below:

| Date | Witness | Description of Costs | Requested costs | Allowed costs |
|---|---|---|---|---|
| 3/28/2011 | Wendy Garrow | Attendance and Mileage Fee (Deposition) | $ 88.00 | $ 88.00 |
| 4/14/2011 | David Cotton | Attendance and Mileage Fee (Deposition) | $ 47.65 | $ 47.65 |
| 5/7/2011 | David Cotton | Attendance and Mileage Fee (Trial) | $ 41.53 | $ 41.53 |

**5.** It should also be noted that relators are actually benefitting from the fact that defendant is not requesting costs for any return flight for this witness, which costs would likely have been allowable under § 1920.

| Date | Name | Description | Amount | Amount |
|---|---|---|---|---|
| 5/7/2011 | Takera Whitt | Attendance and Mileage Fee (Trial) | $ 41.53 | $ 41.53 |
| 5/7/2011 | Mark Bohac | Attendance and Mileage Fee (Trial) | $ 45.61 | $ 45.61 |
| 5/7/2011 | Paul Isaac | Attendance and Mileage Fee (Trial) | $ 45.61 | $ 45.61 |
| 5/7/2011 | James Rogers | Attendance and Mileage Fee (Trial) | $ 45.61 | $ 45.61 |
| 5/7/2011 | Paul Desilets | Attendance and Mileage Fee (Trial) | $ 45.61 | $ 45.61 |
| 5/11/2011 | Clay Richardson | Attendance and Mileage Fee (Trial) | $ 142.00 | $ 142.00 |
| 5/11/2011 | James Flatley | Attendance and Mileage Fee (Trial) | $ 142.00 | $ 142.00 |
| 5/12/2011 | Greg Krebs | Attendance Fee (Trial) | $ 40.00 | $ 40.00 |
| 5/12/2011 | David Allen | Attendance Fee (Trial) | $ 40.00 | $ 40.00 |
| 5/12/2011 | Rene Barger | Attendance Fee (Trial) | $ 40.00 | $ 40.00 |
| 5/12/2011 | Brian Mich | Attendance Fee (Trial) | $ 40.00 | $ 40.00 |
| 5/12/2011 | Patrick Martin | Attendance Fee (Trial) | $ 40.00 | $ 40.00 |
| 5/12/2011 | Anthony Sanganetti | Attendance and Mileage Fee (Trial) | $ 56.83 | $ 56.83 |
| 5/12/2011 | Viviana Hart | Attendance and Mileage Fee (Trial) | $ 62.95 | $ 62.95 |
| 5/12/2011 | Danielle Esposito | Attendance and Mileage Fee (Trial) | $ 80.80 | $ 80.80 |
| 5/12/2011 | Victor Esposito | Attendance and Mileage Fee (Trial) | $ 80.80 | $ 80.80 |
| 5/12/2011 | Frederick Roitz | Attendance and Mileage Fee (Trial) | $ 142.00 | $ 142.00 |
| 5/12/2011 | Julia Brouse | Attendance and Mileage Fee (Trial) | $ 142.00 | $ 142.00 |
| 5/12/2011 | Michael Taylor | Attendance and Mileage Fee (Trial) | $ 142.00 | $ 142.00 |
| 5/12/2011 | Lyndi Flynch | Attendance and Mileage Fee (Trial) | $ 142.00 | $ 142.00 |
| 5/12/2011 | Carol Bruce | Attendance and Mileage Fee (Trial) | $ 142.00 | $ 142.00 |
| 5/17/2011 | Michael Garton | Attendance and Mileage Fee (Trial) | $ 142.00 | $ 142.00 |
| 5/26/2011 | J.D. Stratton | Attendance and Mileage Fee (Trial) | $ 142.00 | $ 142.00 |
| 5/28/2011 | Ashley Maxwell | Attendance Fee (Trial) | $ 40.00 | $ 40.00 |
| 5/28/2011 | Robert Farrell | Attendance and Mileage Fee (Trial) | $ 142.00 | $ 142.00 |
| 7/27/2011 | Ashley Maxwell | International Air Fare from Israel (Trial) | $ 1,816.95 | $ 1,816.95 |
| 7/27/2011 | Calvin Jones | Air Fare from Atlanta (Trial) | $ 133.42 | $ 133.42 |
| 7/30/2011 | Gary Jackson | Sheraton Hotel (3 nights) | $ 602.10 | $ 471.00 |
| 7/30/2011 | Joseph Yorio | Sheraton Hotel–3 nights ($602.10), Food ($71.95) & Internet ($10.00) | $ 684.05 | $ 542.95 |
| 8/2/2011 | Tyler Grossman | Air Fare to/from Texas (Trial) | $ 1,003.98 | $ 1,003.98 |

| Date | Name | Description | Requested | Allowed |
|---|---|---|---|---|
| 8/3/2011 | Patrick Martin | Westin Hotel–1 night ($289.79), Food ($15.99) & Parking ($24.00) | $ 329.78 | $ 172.99 |
| 8/5/2011 | Tyler Grossman | Westin Hotel–1 night | $ 278.64 | $ 157.00 |
| 8/5/2011 | Michael Taylor | Westin Hotel–2 nights ($624.62), Food ($90.03), Internet ($14.95) & Parking ($48.00) | $ 777.60 | $ 404.03 |
| 8/5/2011 | Rene Barger | Westin Hotel–3 nights ($926.45), Food ($22.44) & Parking ($48.00) | $ 996.89 | $ 493.44 |
| 8/5/2011 | Fred Roitz | Westin Hotel–3 nights ($914.41) [6] & Food ($120.56) | $ 1,034.97 | $ 591.56 |
| 8/5/2011 | Ashley Maxwell | Westin Hotel–5 nights ($1,448.95), Telephone ($9.95) & Food ($355.41) | $ 1,814.31 | $ 1,033.22 |
| 8/5/2011 | Laura Cooper | Westin Hotel–2 nights ($624.62),[7] Internet ($14.95), Parking ($48.00), Food ($52.69) & Valet Parking ($48.00) | $ 788.26 | $ 366.69 |
| 8/5/2011 | Calvin Jones | Westin Hotel–5 nights ($1,448.95), Food ($224.73), Parking ($120.00) & Internet ($19.90) | $ 1,813.58 | $ 996.67 |
| 8/5/2011 | Carol Bruce | Westin Hotel–4 nights ($1,618.68) & Food ($41.81) | $ 1,660.49 | $ 669.81 |
| 8/5/2011 | Adam Garrison | Westin Hotel–4 nights ($1,159.16), Food ($30.63), Parking ($96.00) & Internet ($27.00) | $ 1,312.79 | $ 658.63 |
| 8/10/2011 | Patrick Martin | Mileage Fee (Trial Witness) | $ 102.00 | $ 102.00 |
| **Total** | | | $17,492.34 [8] | **$11,956.87** |

### D. Copying costs

■ Defendant's next category of requested expenses—copying costs—comprises the lion's share of its Amended Bill of Costs. Specifically, defendant requests $216,438.80 for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920. The majority of defendant's request in this regard relates to defendant's retention of outside agencies—primarily Responsive Data Solutions and ProSearch Strategies—to produce and process electronically stored information (ESI) throughout the discovery and pretrial proceedings.

The Fourth Circuit has not directly addressed the question whether ESI-related production and copying costs are recovera-

**6.** Although defendant identifies this amount as $614.41 in its summarizing chart, the supporting invoices, as well as the total amount requested by defendant for this particular witness, make clear that the lodging expense for Mr. Roitz was, in fact, $914.41.

**7.** Although defendant's summarizing chart lists the lodging expenses for Ms. Cooper as $687.57, the attached supporting invoices reflect that the actual lodging expense for this witness was only $624.62, with an additional $14.95 for internet service and $48.00 for parking expenses. It is unclear why Ms. Cooper may have incurred an additional $48.00 in "valet parking" expenses, for a total parking expense of $96.00, as the invoices appear to suggest. In any event, all parking expenses have been excluded from the allowable total.

**8.** Defendant's requested total—$17,492.33—appears to be off by a single penny, owing to an apparent miscalculation in the hotel and subsistence expenses attributable to Ms. Cooper.

ble under 28 U.S.C. § 1920, and the applicable precedent from other jurisdictions varies. *See generally Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, No. 2:07–cv–1294, 2011 WL 1748620, at \*\*6–11 (W.D.Pa. May 6, 2011) (compiling cases). As it happens, however, it is unnecessary to confront this particular issue given the clear and unambiguous language set forth in the parties' joint discovery report. This report—which was signed electronically by counsel for both parties and filed electronically on August 25, 2010 pursuant to Rule 26(f), Fed.R.Civ.P.—included the parties' express agreement to bear their own ESI-related expenses, specifically as follows:

> The parties have agreed to produce electronically stored information (*"ESI"*) in this case *with each party bearing their own expense of production.* The parties are conferring on the appropriate format for the production.

Doc. 51 at 2 (emphasis added). Remarkably, despite the fact that the parties' express agreement concerning ESI is dispositive of a large percentage of defendant's requested copying costs, neither party mentions the above provision in their respective briefs.

In the circumstances, and consistent with the parties' prior agreement, defendant's request for costs is appropriately denied insofar as it pertains to the production of ESI throughout these proceedings. Also denied are any shipping or labor-related costs included in the requested sum.[9] All other non-ESI requested copying expenses, including those related to the preparation of trial exhibits, as well as any hard-copying or printing costs that are readily discernible from the submitted invoices, are deemed to have been "necessary" for defendant's use in the case and are thus awarded in full. 28 U.S.C. § 1920.

In the end, given these exclusions, defendant is awarded a total of $59,384.24 in copying costs, as summarized in the following chart:[10]

| Date | General Description of Copying Costs | Requested costs | Allowed costs |
|------|--------------------------------------|-----------------|---------------|
| 10/27/2010 | Cost of processing hard copy documents for ESI document production | $ 4,763.13 | 0 |
| 11/9/2010 | Cost of processing hard copy documents for ESI document production | $ 3,939.63 | 0 |
| 11/10/2010 | Cost of creating ESI document production, including conversion of native electronic documents to multi-page images | $ 231.49 | 0 |
| 12/6/2010 | Cost of processing hard copy documents for ESI document production | $ 253.72 | 0 |
| 12/6/2010 | Cost of processing hard copy documents for ESI document production, hard copy printing costs | $ 3,490.47 | $ 184.44 |
| 12/16/2010 | Cost of processing hard copy documents for ESI document production | $ 1,136.95 | 0 |
| 2/8/2011 | Cost of processing hard copy documents for ESI document production | $ 3,216.09 | 0 |
| 2/24/2011 | Cost of processing hard copy documents for ESI document production | $ 1,475.26 | 0 |

9. Defendant's inclusion of these expenses was likely inadvertent since it appropriately excluded these types of costs in some instances.

10. Any included sales tax has been adjusted, as necessary, to correspond to the allowable costs.

| | | | | |
|---|---|---|---|---|
| 2/24/2011 | Cost of processing hard copy documents for ESI document production | $ 4,550.42 | | 0 |
| 2/24/2011 | Cost of processing hard copy documents for ESI document production | $ · 413.97 | | 0 |
| 2/23/2011 | Cost of processing hard copy documents for ESI document production | $ 4,472.70 | | 0 |
| 2/23/2011 | Cost of processing hard copy documents for ESI document production | $ 4,938.17 | | 0 |
| 3/1/2011 | Cost of creating ESI document production, including conversion of native electronic documents to multi-page images, hard copy costs/supplies | $ 1,704.22 | $ 1,204.00 | |
| 3/1/2011 | Cost of creating ESI document production, including conversion of native electronic documents to multi-page images, hard copy costs | $ 909.67 | $ 30.27 | |
| 3/2/2011 | Cost of creating ESI document production, including conversion of native electronic documents to multi-page images | $ 35,768.97 | | 0 |
| 4/4/2011 | Cost of creating ESI document production, including conversion of native electronic documents to multi-page images | $ 446.08 | | . 0 |
| 3/30/2011 | Cost of processing hard copy documents for ESI document production | $ 554.70 | | 0 |
| 4/14/2011 | Cost of creating ESI document production, including conversion of native electronic documents to · multi-page images | $ 12,462.75 | | 0 |
| 4/25/2011 | Principal Life Insurance Co. cost for reproduction of Melan Davis' insurance records in response to subpoena | $ 215.00 | $ 215.00 | |
| 5/11/2011 | Cost of creating ESI document production, including conversion of native electronic documents to multi-page images | $ 29,337.58 | | 0 |
| 5/24/2011 | Cost of creating ESI document production, including conversion of native electronic documents to multi-page images | $ 465.58 | | 0 |
| 5/24/2011 | Cost of processing hard copy documents for ESI document production | $ 764.32 | | 0 |
| 6/6/2011 | Cost of creating ESI document production, including conversion of native electronic documents to multi-page images | $ 38,827.30 | | 0 |
| 7/29/2011 | Cost of preparing and copying trial exhibits | $ 2,038.53 | $ 2,038.53 | |
| 7/29/2011 | Cost of preparing and copying trial exhibits, ESI-related scanning and conversion costs | $ 4,921.33 | $ 3,317.38 | |
| 7/29/2011 | Cost of preparing and copying trial exhibits | $ ·5,123.40 | $ 5,123.40 | |
| 8/2/2011 | Cost of preparing and copying trial exhibits | $ 4,948.08 | $ 4,948.08 | |
| 8/2/2011 | Cost of preparing and copying trial exhibits | $ 4,865.40 | $ 4,865.40 | |
| 8/2/2011 | Cost of preparing and copying trial exhibits | $ 4,952.85 | $ 4,952.85 | |
| 8/2/2011 | Cost of preparing and copying trial exhibits | $ 4,965.31 | $ 4,965.31 | |
| 8/2/2011 | Cost of preparing and copying trial exhibits | $ 4,816.91 | $ 4,816.91 | |
| 8/2/2011 | Cost of preparing and copying trial exhibits, ESI-related conversion costs | $ 4,726.15 | $ 3,180.00 | |
| 8/2/2011 | Cost of preparing and copying trial exhibits | $ 4,833.60 | $ 4,833.60 | |
| 8/2/2011 | Cost of preparing and copying trial exhibits, labor costs | $ 4,286.00 | $ 3,286.00 | |

| | | | |
|---|---|---|---|
| 8/2/2011 | Cost of preparing and copying trial exhibits | $ 3,614.60 | $ 3,614.60 |
| 8/8/2011 | Cost of preparing and copying trial exhibits, labor costs | $ 3,052.09 | $ 2,852.09 |
| 8/8/2011 | Cost of preparing and copying trial exhibits | $ 4,956.38 | $ 4,956.38 |
| **Total** | | **$216,438.80** | **$59,384.24** |

### E. *Deposition costs*

Finally, defendant requests $70,616.06 in deposition-related costs. Relators initially object to the entirety of this request on the ground that defendant did not introduce or rely on any deposition transcripts or excerpts in the course of the trial, either for impeachment or any other purpose. This objection fails, as the applicable standard for the recovery of deposition-related costs pursuant to 28 U.S.C. § 1920 is not whether a deposition is ultimately used at trial, but rather whether "the taking of a deposition is reasonably necessary *at the time of its taking*." *La-Vay Corp. v. Dominion Federal Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987) (citations omitted) (emphasis added). Here, a review of the record and the procedural history of the case make clear that all of the depositions for which defendant seeks to recover costs in this instance meet the applicable § 1920 standard. Thus, relators' overall objection to defendant's request for deposition costs must be overruled. Relators' specific objections to this category of expenses will, however, be sustained insofar as defendant will not be awarded any of its requested deposition costs for (i) draft or manuscript versions of transcripts, (ii) interactive realtime transcript services, or, with limited exceptions, (iii) expedited transcript preparation.[11] All of these additional services are deemed to have been for the convenience of counsel and not necessary for defendant's successful trial preparation. Following these exclusions and all corresponding calculations, defendant is awarded a total of $38,962.03 in deposition costs, as summarized in the following chart:

| Date | Description of Deposition Expense | Requested costs | Allowed costs |
|---|---|---|---|
| 8/30/2010 | Transcript of 8/23/2010 Erik Prince Deposition | $ 4,578.00 | $ 3,706.00 |
| 10/7/2010 | Transcript of 9/17/2010 Melan Davis Deposition | $ 1,637.40 | $ 1,089.05 |
| 10/8/2010 | Transcript of 9/25/2010 Brad Davis Deposition | $ 2,565.38 | $ 1,820.48 |
| 10/21/2010 | Transcript of 10/7/2010 Susan Burke Deposition | $ 1,898.80 | $ 1,098.10 |
| 11/23/2010 | Transcript of 11/17/2010 Karen Brown Deposition | $ 1,020.99 | $ 527.64 |
| 12/14/2010 | Transcript of 12/2/2010 Gary Jackson Deposition | $ 3,107.91 | $ 1,614.39 |
| 3/2/2011 | Transcript of 2/22/2011 Andrew Howell Deposition | $ 3,398.03 | $ 1,815.20 |
| 3/28/2011 | Transcript of 3/14/2011 Danielle Esposito Deposition | $ 5,217.65 | $ 2,254.55 |
| 4/13/2011 | Transcript of 3/28/2011 Frederick Roitz Deposition | $ 4,010.13 | $ 1,572.20 |
| 4/15/2011 | Transcript of 3/30/2011 Carole Bruce Deposition | $ 4,644.43 | $ 2,012.50 |
| 4/28/2011 | Transcript of 4/12/2011 Joseph Yorio Deposition | $ 2,892.87 | $ 1,171.37 |
| 4/29/2011 | Transcript of 4/15/2011 Jerry Stratton Deposition | $ 2,957.06 | $ 1,649.81 |
| 4/28/2011 | Transcript of 4/13/2011 Michael Taylor Deposition | $3,771.73 | $ 1,581.36 |
| 4/29/2011 | Transcript of 4/20/2011 Melan Davis Deposition (cont.) | $ 445.78 | $ 360.28 |
| 4/29/2011 | Transcript of 4/26/2011 Melan Davis Deposition (cont.) | $ 544.08 | $ 464.58 |
| 4/29/2011 | Transcript of 4/22/2011 Janet Rene Barger Deposition | $ 4,495.46 | $2,461.96 |

**11.** Expedited transcript preparation costs will be permitted for the final depositions that occurred in July 2011, just prior to the commencement of the jury trial.

| | | | |
|---|---|---|---|
| 5/12/2011 | Transcript of 4/29/2011 Paul Desilets Deposition | $ 1,542.28 | $ 494.17 |
| 5/12/2011 | Transcript of 4/27/2011 Mark Bohac Deposition | $ 371.17 | $ 272.17 |
| 5/16/2011 | Transcript of 4/28/2011 Mario Esposito Deposition | $ 2,934.16 | $ 1,250.76 |
| 5/3/2011 | Transcript of 4/30/2011 Brad Davis Deposition (cont.) | $ 1,325.80 | $ 671.80 |
| 5/5/2011 | Transcript of 4/21/2011 Wendy Garrow Deposition | $ 1,593.62 | $ 765.78 |
| 5/3/2011 | Transcript of 4/20/2011 Melan Davis Deposition (cont.) | $ 548.77 | $ 311.05 |
| 5/4/2011 | Transcript of 4/11/2011 Jessica Potter Deposition | $ 2,846.61 | $ 1,368.21 |
| 5/5/2011 | Transcript of 4/25/2011 Laura Cooper Deposition | $ 608.74 | $ 400.49 |
| 5/13/2011 | Transcript of 5/2/2011 Richard Price Deposition | $ 2,066.56 | $ 1,227.31 |
| 5/31/2011 | Transcript of 5/26/2011 John Wills Deposition | $ 1,346.29 | $ 567.05 |
| 5/31/2011 | Transcript of 5/25/2011 Lyle Beauchamp Deposition | $ 1,697.14 | $ 703.30 |
| 7/18/2011 | Transcript of 7/16/2011 Warren Shepherd Deposition | $ 908.29 | $ 756.29 |
| 7/18/2011 | Transcript of scheduled 7/15/2011 Warren Shepherd Deposition (no-show by deponent) | $ 555.00 | $ 555.00 |
| 7/26/2011 | Transcript of 7/22/2011 John Wills Deposition (cont.) | $ 645.13 | $ 645.13 |
| 7/31/2011 | Transcript of 7/18/2011 Roger Prim Deposition | $ 2,505.30 | $ 2,084.55 |
| 8/10/2011 | Transcript of 7/21/2011 Lyle Beauchamp Deposition (cont.) | $ 1,935.50 | $ 1,689.50 |
| **Total** | | **$70,616.06** | **$38,962.03** |

## III.

■ In conclusion, and for the foregoing reasons, defendant's Amended Bill of Costs is hereby **GRANTED** insofar as defendant is awarded costs pursuant to Rule 54(d), Fed.R.Civ.P. in the total amount of **$119,192.52**, consisting specifically of (i) $8,889.38 in transcript costs, (ii) $11,956.87 in witness fees and expenses, (iii) $59,384.24 in copying costs, and (iv) $38,962.03 in deposition costs. Defendant's Amended Bill of Costs is **DENIED** in all other respects.[12]

The Clerk is directed to send a copy of this Order to all counsel of record.

**12.** It is important to note that taxation of costs at the end of the case should not result, as occurred here, in a time-consuming and burdensome task for a court. The rules for taxation of costs are reasonably clear and well-settled. Before submitting a dispute on the taxation of costs, good lawyers should make every effort to resolve the dispute in light of these settled rules and policies so as to prevent fees and costs from becoming the tail that wags the dog.